**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERVIN MIDDLETON, JR.,

Petitioner,

v.

LAS VEGAS JUSTICE COURT,

Respondent.

Case No. 2:26-cv-02995-GMN-DJA

**SCREENING AND DISMISSAL ORDER**

Pro se Petitioner Ervin Middleton, Jr. commenced this action by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, Motion for Leave to File Petition for Writ of Habeas Corpus, and Motion to Supplement the Record.[1] (ECF Nos. 1-1, 1-3, 5.) In his Petition, Middleton alleges that the Las Vegas Justice Court improperly issued a bench warrant for a misdemeanor traffic citation after he failed to appear. (ECF No. 1-1.)

Middleton has been identified as a vexatious litigant and is subject to a prefiling injunction. *See Middleton v. NV Energy, et al.*, Case No. 2:20-cv-00638-KJD-VCF. Thus, Middleton must seek leave of the Court before filing any additional actions. Following a review of Middleton's filings in this action,[2] the Court determines that the prefiling injunction is applicable because the Petition plainly shows that Middleton is not entitled to habeas relief. As such, the Court denies

[1] Middleton did not properly commence this action by either paying the standard $5.00 filing fee or filing an *in forma pauperis* application, as is required by 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees.

[2] The Court exercises its discretion to apply the rules governing § 2254 petitions to this § 2241 action. *See* Habeas Rule 1(b). And Habeas Rule 4 allows the Court to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

the Motion for Leave to File Petition for Writ of Habeas Corpus, dismisses the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 without prejudice, and denies the Motion to Supplement the Record.

## I. FACTUAL BACKGROUND

On April 3, 2026, Middleton was charged with the following traffic misdemeanors in Las Vegas Justice Court case number 26-CR-034242: (1) Display Fictitious, Cancelled, Revoked, Suspended, or Altered Vehicle Registration, License Plate, or Certificate of Title, (2) Driving with a Suspended Driver's License, and (3) Operating a Vehicle Without Proof of Insurance.[3] The Justice Court held an arraignment on June 29, 2026. Middleton failed to appear for that arraignment, so a bench warrant was issued.

## II. DISCUSSION

Under 28 U.S.C. § 2241, the Court has the authority to grant a Petition for Writ of Habeas Corpus when a petitioner asserts that he is being held in custody "in violation of the Constitution or laws or treaties of the United States." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). It is far from clear that Middleton meets the "in custody" requirement, especially given that the Las Vegas Justice Court docket appears to show that he will be released on his own recognizance upon the bench warrant's return. *See Wilson v. Belleque*, 554 F.3d 816, 822 (9th Cir. 2009) (explaining that "a petitioner must show that he is subject to a significant restraint upon his liberty 'not shared by the public generally.'"); *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) ("The custody

[3] The Court takes judicial notice of the docket records of the Las Vegas Justice Court, which are available at https://lvjcpa.clarkcountynv.gov/Anonymous/Search.aspx?ID=100.

requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.").

Even if Middleton could be considered "in custody," his Petition suffers from several defects. First, the comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). There are no extraordinary circumstances here. Second, Middleton fails to demonstrate that he has exhausted his state-court remedies.[4] Indeed, Middleton has not filed a motion, petition, or any other filing in his Las Vegas Justice Court case challenging the bench warrant nor appealed the denial of any such motion, petition, or filing to the state district court.[5] *See* Nev. Rev. Stat. § 177.015(1)(a) ("The party aggrieved in a criminal action may appeal . . . [t]o the district court of the county from a final judgment of the justice court."); Nev. Rev. Stat. § 189.010 ("[A] defendant in a criminal action tried before a justice of the peace may appeal from the final judgment therein to the district court of the county where the court of the justice of the peace is held, at any time within 10 days from the time of the rendition of the judgment."); Nev. Const. art. 6, § 6; *Sandstrom v. Second Judicial Dist. Court of State*, 119 P.3d 1250, 1252 (Nev. 2005) ("The power of the district courts to entertain appeals from justice court

---

[4] A petitioner first must exhaust state court remedies before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

[5] The Court also takes judicial notice of the Eighth Judicial District Court's online docket records, available at https://www.clarkcountycourts.us/Portal/Home/.

orders is firmly rooted in the Nevada Constitution."); *see also McMonagle v. Meyer*, 802 F.3d 1093, 1097 (9th Cir. 2015) (explaining that the Court looks to state law to determine the process for direct review of a misdemeanor conviction).

## III. CONCLUSION

It is therefore Ordered that the Petition [ECF No. 1-1] is dismissed without prejudice. A Certificate of Appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further Ordered that the Motion for Leave to File Petition for Writ of Habeas Corpus and Motion to Supplement the Record [ECF Nos. 1-3, 5] are denied.

It is further kindly Ordered that the Clerk of Court enter judgment and close this case.

Dated: October 30, 2026

Gloria M. Navarro, Judge
United States District Court